UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JENNIFER N. MOORER,

                        Plaintiff,

        -against-

THE INCORPORATE VILLAGE OF
HEMPSTEAD ET AL.,

                       Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
19-CV-4982 (JMA) (SIL)

**FILED
CLERK**

10:44 am, Jul 15, 2020

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is a motion by pro se plaintiff Jennifer N. Moorer ("Plaintiff") to remand this case to state court ("Motion to Remand"). For the following reasons, the Court denies Plaintiff's Motion to Remand.

## I. BACKGROUND

On July 24, 2019, Plaintiff commenced this action (Index No. 000734-19) in the Supreme Court of the State of New York, Nassau County (the "State Court") against the Incorporated Village of Hempstead and special prosecutors Tracy Auguste, Carolyn S. Clyne, Miali A. Makeleele, and Jane Doe, (collectively, "Defendants") alleging violations of the Fourth, Sixth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 concerning a traffic stop and traffic ticket. (Compl., ECF No. 1-1.) On August 30, 2019, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (ECF No. 1.)

On September 19, 2019, Plaintiff filed the Motion to Remand pursuant to 28 U.S.C. § 1447(c). (ECF No. 7.) Though Plaintiff states that she "would prefer having the federal court acquire jurisdiction" over her claim, she contends that remand is required because Defendants failed to comply with certain procedural requirements of 28 U.S.C. § 1446(a) and (d). (Id. at ¶¶

1

10-13; 6.) Additionally, Plaintiff argues that this action should be remanded because Defendants are "court (judge) shopping" and violated the rule of unanimity. She also claims that sanctions are required because counsel for Defendants "does not identify himself as an attorney and whether he is permitted to practice in this court." (Id. at ¶¶ 14-18.)

## II. DISCUSSION

### A. Procedural Defects Do Not Require Remand

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The procedure for removal of civil actions to federal court is governed by 28 U.S.C. § 1446. See Vitiello v. JTJ Contracting, No. 15-CV-4635, 2016 WL 1239259, at *3 (E.D.N.Y. Mar. 29, 2016). Pursuant to § 1446(a), defendants seeking removal must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Section 1446(d) provides that defendants must also "file a copy of the notice with the clerk of such State court."

Plaintiff alleges four defects in Defendants' removal, none of which warrant remand. First, Plaintiff claims that Defendants failed to attach two documents from the State Court to their Notice of Removal: (1) a copy of Plaintiff's notice of claim, and (2) her application to file the summons and complaint as a poor person. (Id. at ¶¶ 7-10.) Plaintiff attaches both documents to her Motion to Remand. "Procedural rules such as the directions found in section 1446(a) are not jurisdictional and the failure to file all the state court papers . . . is curable in the federal court if there is a motion to remand." Manney v. Reichert, No. 13-CV-4413, 2014 WL 1315382, at *11 (E.D.N.Y. Mar. 28,

2

2014), adhered to on reconsideration, No. 13-CV-4413, 2014 WL 4805046 (E.D.N.Y. Sept. 26, 2014) (quoting In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 399 F.Supp.2d 340, 348 (S.D.N.Y.2005)); see also Johnson v. Medisys Health Network, No. 10-CV-1596, 2011 WL 5222917, at *5 (E.D.N.Y. June 1, 2011), adopted as modified by 2011 WL 4101323 (E.D.N.Y. Sept. 8, 2011) (report and recommendation) ("That the defendants have not filed a complete copy of the state court records and proceedings is a technical, not a jurisdictional, defect and can be cured."). Thus, Defendants' failure to include copies of these documents is a procedural defect that is curable and was cured by the filing of these documents. Accordingly, remand is not warranted.

Next, Plaintiff alleges that Defendants did not file a copy of the Notice of Removal with the clerk of the State Court. (ECF No. 7 at ¶ 10.) Defendants' failure to do so did not prejudice Plaintiff and therefore does not necessitate remand. See Rech v. Cty. of Monroe, No. 17-CV-6418, 2017 WL 4369367, at *2 (W.D.N.Y. Oct. 3, 2017) (finding that failure to file a copy of the notice of removal with the state court did not necessitate remand where no prejudice occurred and that "the fact that [P]laintiff was promptly served with a copy of the Notice of Removal persuades the Court that no prejudice has occurred"); Mfrs. & Traders Tr. Co. v. Hartford Accident & Indem. Co., 434 F. Supp. 1053, 1055 (W.D.N.Y. 1977) (denying the motion to remand and finding that "the filing of a copy of the petition for removal is a procedural and ministerial act, failure of which does not defeat the federal court's jurisdiction," and that "[t]he prompt notice of filing given to the plaintiff operates as a 'saving factor' in this instance."); see also Williams v. Connell, No. 12-CV-3593, 2017 WL 2829686, at *6 (E.D.N.Y. June 29, 2017) ("this Court . . . has found no decisions from any jurisdiction remanding for a delay in filing notice of removal in state court."). Because Defendants promptly served Plaintiff with the Notice of Removal, (ECF No. 7 at ¶ 3), no prejudice

has occurred.  In the interest of ensuring clarity for the State Court, Defendants are instructed to file a copy of the Notice of Removal with the Nassau County Supreme Court within fourteen (14) days of entry of this Order.  See Rech, 2017 WL 4369367, at *3.

Finally, Plaintiff alleges that Defendants failed to include a short and plain statement as required by § 1446(a).  (ECF No. 7 at ¶ 11.)  However, Defendants' Notice of Removal clearly contains a short and plain statement of the grounds for removal.  (ECF No. 1.)  This argument is therefore meritless.

Accordingly, none of the defects Plaintiff alleges warrant remand to State Court.

## B. Remaining Arguments

Plaintiff's remaining arguments likewise lack merit.  Plaintiff contends that Defendants are "court (judge) shopping" and that due to Defendants' failure to comply with "numerous statutory procedures," Defendants are seeking a "safe-haven" in federal court.  (ECF No. 7 at ¶ 14.)  However, Defendants' removal was clearly proper pursuant to 28 U.S.C. § 1441, because Plaintiff's complaint alleges violations of Section 1983, claims over which federal courts have jurisdiction.  Furthermore, the Court notes that Plaintiff herself has expressed preference for removing this matter to federal court.  (ECF No. 7 at 6.)

Plaintiff also argues that this action must be remanded because Defendants' Notice of Removal violates the rule of unanimity.  (Id. at ¶¶ 16-18.)  "There is general agreement among the courts that all the defendants must join in seeking removal from state court. This requirement is known as the rule of unanimity." Bill Wolf Petroleum Corp. v. Village of Port Washington North, 489 F. Supp. 2d 203, 207 (E.D.N.Y. 2007) (internal citations and quotation marks omitted).  "However, there is no requirement that each defendant must personally consent, and attorneys can consent on behalf of their clients." See Id. at 207-208 (internal citations and quotation marks

omitted) (finding that all defendants consented to removal where defendants were represented by the same attorney, counsel listed all defendants on notice, counsel signed notice, and noted he was counsel for all defendants above signature line). Here, each defendant is listed by name in the Notice of Removal, and they are collectively identified as "Defendants" in the case caption. (ECF No. 1. at 1.) The Notice of Removal also identifies "Bee Ready Fishbein Hatter & Donovan, LLP" as the law firm for Defendants and is signed by Andrew K. Preston on behalf of the law firm. (Id.) Therefore, Plaintiff's assertion that Defendants' Notice of Removal violates the rule of unanimity is without merit because it is clear they consented to removal.

Finally, Plaintiff argues that this Court should "dismiss" the Notice of Removal and thereafter, inquire into whether Defendants' attorney, Andrew K. Preston, is an attorney authorized to practice in this Court because he does not "identify himself as an attorney and whether or not he is permitted to practice in this court." (ECF No. 7 at ¶ 15.) If he is not, Plaintiff argues that "monetary sanctions should be imposed pursuant to Rule 12 of the FRCP." (Id.) The Court assumes Plaintiff intended to argue for sanctions pursuant to Federal Rule of Civil Procedure 11 and notes, as an initial matter, that Plaintiff has not satisfied the procedural requirements for filing a sanctions motion. See Fed. R. Civ. P. 11(c)(2) (requiring that a motion for sanctions "be made separately from any other motion"). Plaintiff has also cited no basis for sanctions pursuant to Rule 11. Moreover, Andrew K. Preston has clearly identified himself as counsel for Defendants and as an attorney licensed to practice in this Court. (ECF No. 1-2.)

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is denied. Defendants are directed to file a copy of the Notice of Removal with the Nassau County Supreme Court within fourteen (14) days of entry of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

**SO ORDERED.**

Dated: July 15, 2020
Central Islip, New York

                                                              /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE